**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **NORBERTO RAMIREZ,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No:** __1:19-cv-290____ |
| | § | |
| **WESTON INSURANCE COMPANY,** | § | |
| *Defendant*. | § | |

**DEFENDANT WESTON INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Weston Insurance Company ("Weston") files this Notice of Removal and respectfully shows:

**I.
BACKGROUND**

**A.   The Parties**

1.     Plaintiff Norberto Ramirez is (and at the time this action was filed was) an individual who is a resident and citizen of Jefferson County, Texas.

2.     Defendant Weston is (and at the time this action was filed was) a Florida corporation with its principal place of business in Florida. Therefore, it is a citizen of Florida.

**B.   The Action**

3.     This is an insurance dispute concerning alleged Hurricane Harvey storm damage to Plaintiff's residential property located in Jefferson County.

4.     On September 5, 2018, Plaintiff commenced this suit in an action styled *Norberto Ramirez v. Weston Insurance Company*, Cause Number B-202382, in the 60th Judicial District Court of Jefferson County, Texas.

5.      Plaintiff alleges causes of action against Weston for (1) breach of contract, (2) violations of Chapter 542 of the Texas Insurance Code, and (3) violations of Chapter 541 of the Texas Insurance Code. [*See* Pl'.s Pet. ¶¶ 14–21.]

6.      According to Plaintiff's state court petition, "Plaintiff currently seeks monetary relief over $100,000, but no more than $200,000 . . . ." [*See* Pl.'s Pet. ¶ 4.]

7.      Weston's registered agent was served with the state court petition on June 24, 2019. Weston timely filed an answer in the state court action on July 3, 2019. [*See* Def.'s Answer.] Because the parties are completely diverse, Weston has properly removed this action to federal court.

## II.
### REMOVAL IS PROPER

8.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.      Complete Diversity of Citizenship Exists Between the Parties**

9.      Removal is proper under 28 U.S.C. § 1332(a) because there is currently complete diversity of citizenship and complete diversity existed on the date the state court case was filed.

10.      Here, Plaintiff is an individual who is a resident and citizen of Jefferson County, Texas. Weston is a Florida corporation whose principal place of business is in Florida.

**B.      The Amount in Controversy Requirement Is Satisfied**

11.      The petition provides that "Plaintiff currently seeks monetary relief over $100,000, but no more than $200,000 . . . ." [*See* Pl.'s Pet. ¶ 4.] Although Weston disputes liability and damages, it is evident from Plaintiff's live pleading that Plaintiff purports to allege claims for

monetary relief that, if granted, would exceed $75,000.00. Therefore, the amount in controversy exceeds the $75,000.00 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a).

**C.     Removal Is Timely**

12.     Under federal law, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

13.     Here, removal is timely. Weston files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b)(1). Accordingly, removal of this action is timely.

**D.     Venue Is Proper**

14.     Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, under 28 U.S.C. §§ 124(c)(2) and 1446(a) because it is the district and division within which such state court action is pending.

**E.     Removal Is Procedurally Proper**

15.     Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 81, the following are being attached in an appendix and/or filed simultaneously herewith:

   a.   A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (e.g., pending, dismissed) (*see* **Tab 1**);

   b.   A civil cover sheet;[1]

   c.   A certified copy of the state court docket sheet (*see* **Tab 2**);

   d.   A copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.) (*see* **Tab 3**[2]);

---

[1] The civil cover sheet is being filed separately.
[2] Tab 3 contains all pleadings, answers, process, and orders, if any, on file in the state court action.

    e.   All answers (*see* **Tab 3**);

    f.   A copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) (*see* **Tab 3**);

    g.   A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney (*see* **Tab 4**);

    h.   A record of which parties have requested jury trial (this information is in addition to filing a separate jury demand pursuant to Local Rule CV-38(a)) (*see* **Tab 5**); and

    i.   The name and address of the court from which the case was removed (*see* **Tab 6**).

16.    Pursuant to 28 U.S.C. § 1446(d), promptly after Weston files this Notice of Removal, written notice of the filing will be given to Plaintiff, the only adverse party.

17.    Pursuant to 28 U.S.C. § 1446(d), promptly after Weston files this Notice of Removal, a true and correct copy will be filed with the Clerk of the Jefferson County District Court.

### III.
### CONCLUSION

18.    Because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action is properly removed pursuant to 28 U.S.C. § 1441.

19.    Defendant Weston Insurance Company respectfully requests for the United States District Court for the Eastern District of Texas, Beaumont Division, to accept and file this Notice of Removal, assume jurisdiction of this action, and issue all such further orders as may be necessary.

Respectfully submitted:

By: /s/ *Stephen Pate w/Permission*
    Stephen Pate
    *Attorney-in-Charge*
    State Bar No. 15566500
    spate@cozen.com
    **COZEN O'CONNOR**
    LyondellBasell Tower
    1221 McKinney, Suite 2900
    Houston, TX 77010
    Telephone:  (832) 214-3957
    Telecopier:  (832) 706-3423

    *-and-*

    /s/ *Donnie M. Apodaca, II*
    Donnie M. Apodaca, II
    State Bar No. 24082632
    dapodaca@cozen.com
    **COZEN O'CONNOR**
    1717 Main Street, Suite 3100
    Dallas, Texas 75201-7335
    Telephone:  (214) 462-3000
    Telecopier:  (214) 462-3299

**ATTORNEYS FOR WESTON INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This certifies that, on July 3, 2019, a true copy of the foregoing was served on the following

counsel of record via e-mail pursuant to Local Rule CV-5(d) the Federal Rules of Civil Procedure:

James Willis
jwillis@dalyblack.com
Richard D. Daly
rdaly@dalyblack.com
ecfs@dalyblack.com
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
*Attorneys for Plaintiff*

*/s/ Donnie M. Apodaca, II*
Donnie M. Apodaca, II